### HOMER ATCHISON v. THE STATE.

No. 2563.     Decided March 4, 1903.

**1.—Malicious Mischief—Shooting Dog—Defenses.**

On a trial for maliciously shooting a dog, where the defense was an alibi, defendant can not set up, as a defense, either actual or apparent danger from the dog or his vicious habits.

**2.—Same—Self-Defense.**

Where, on a trial for maliciously shooting a dog, it appeared that the dog was twenty-five or thirty yards from defendant, inside the yard, with his nose stuck under the lower strand of a barbed wire fence, barking, this did not suggest an assault by the dog and the corresponding right of self-defense by defendant from either actual or apparent danger.

**3.—Same.**

Upon the facts above stated the court did not err in excluding evidence of the vicious character of the dog. Such vicious and bad character would not justify defendant in shooting upon the ground of self-defense, there being no attack by the dog upon defendant.

**4.—Same—Evidence of Threats by Other Parties—Bill of Exceptions.**

A bill of exceptions to the exclusion of testimony that other parties had

threatened to kill the dog, is insufficient if it fails or omits the names of such other parties.

**5.—Same.**

Where, at the time and place of the shooting, no one but defendant was present, evidence that others had threatened to shoot the dog was inadmissible.

**6.—Same—Evidence Sufficient.**

See opinion for evidence held sufficient to support a conviction of maliciously shooting a dog.

Appeal from the County Court of Hill. Tried below before Hon. L. C. Hill, County Judge.

Appeal from a conviction of malicious mischief for shooting a dog; penalty, a fine of one cent.

The opinion states the case.

*Derden & Cypert,* for appellant.—A fierce dog, which is kept by its owner on and near a public road, and which fierce dog, whose vicious disposition is known to its owner and which is permitted to run at large to the annoyance and danger of persons passing along and in said public road, and which said dog was running at large annoying and endangering persons passing on said public road, and actually endangering, annoying and assaulting a person passing along and in said public road on foot, the owner of which dog being present and making no effort whatever to cause said dog to desist from said annoyance and assault upon the said person on foot, which said person on foot under such circumstances shot said dog with small No. 8 bird shot, would be guilty of no offense under such circumstances, said dog being then and there at said particular time a public nuisance, for the shooting or killing of which at the time, and under said circumstances, the defendant nor any other person would be guilty of any offense. Sayles' Texas Guide for Jus., arts. 373, 376; Clarendon Land and Investment Co. v. McLelland, 35 S. W. Rep., 474; Custard v. Burdette, 15 Texas, 456, 3 Texas Crim. App., 489-494; Bishop Non-Contract Law, arts. 413, 1239; 1 Bishop, New Crim. Law, art. 1080, p. 649; 15 Law. Rep. Ann., pp. 249, 250; Bishop Stat. Crimes, art. 1070, note; Bishop Crim. Law, arts. 231-235; Miller v. Birch, 32 Texas, 208; Jolly v. State, 19 Texas Crim. App., 76; Ready v. State, 22 Texas Crim. App., 271; Brewer v. State, 28 Texas Crim. App., 565; Hall v. State, 4 Texas Ct. Rep., 219.

*B. Y. Cummings,* Assistant County Attorney, *C. F. Greenwood,* County Attorney, and *Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was adjudged guilty of malicious mischief for shooting a dog, and his punishment assessed at a fine of one cent.

The result of this appeal has brought before this court a record containing twenty bills of exception, and the spirit usually manifested in litigation where a dog is at issue. A brief summary of the substance

of the facts is necessary to bring in review the questions suggested for revision. J. B. Gant was the owner of two dogs, both being black; and, as far as we are able to discover, the only distinguishing difference between the dogs consisted in the fact that one had a brown spot on his breast, and the other a white. Gant resided on the east side of a public road which ran north and south. Between sundown and dark on the 19th of April, 1902, defendant, traveling along this road, had passed Gant's residence some twenty-five or thirty yards, when the dog with the white breast stuck his nose under the barb wire fence and began barking. Defendant turned around and fired at the dog, being twenty-five or thirty yards distant, striking him in one eye and in the front part of the face. The shot were No. 8 bird shot, one of which also struck the gallery post. Appellant's defense was alibi, which he supported by his own testimony and that of several others. There was considerable evidence introduced of a damaging character to the dog's reputation for peace and quietude, which was subsequently excluded by the court from the consideration of the jury. Appellant also sought to prove threats against the life of the dog by other parties. This, we think, is a sufficient statement of the record to bring in review the questions upon which a reversal is sought.

We deem it unnecessary to review the case from the standpoint of the alibi. The jury disregarded this theory entirely, and, if true, defendant could not set up either actual or apparent danger from the dog or his vicious habits. Therefore we take the case from the State's standpoint; there being no other testimony, except the direct evidence for the State and that for the defendant. If the State's case be true, and the jury so considered, then appellant shot the dog, under the circumstances stated, at a distance of twenty-five or thirty yards; the dog standing inside the yard, with his nose stuck under the lower strand of the barb wire fence, barking. There could be no danger to appellant, either actual or apparent, from the dog at that distance. It is not undertaken to be shown that the barking of the dog "was a dangerous weapon, or the semblance thereof," or the fact that appellant was within the sound of the dog's voice when barking rendered that barking an assault. If the barking of the dog constituted an assault, then, of course, he was evidently within reach of the sound of the voice, and the fact that it reached him would constitute a battery. But we do not believe this character of act by the dog suggested an assault, and the corresponding right of self-defense. Had the dog been rushing upon appellant in such manner as to leave the impression and belief upon his mind that he was about to attack or bite him, or that he had serious intent to do so, then, unquestionably, defendant would have the right to defend himself. Then, in our opinion, the mere barking of the dog did not suggest self-defense, either from actual or apparent danger.

Nor was the court in error in excluding the testimony as to the vicious character of the dog. The mere fact that the dog is vicious and of bad character does not justify the party in shooting, unless the dog is

doing something which, under our law, would authorize the shooting in self-defense. If the dog had been attacking defendant in any way, the violent character of the dog would have been relevant testimony, as tending to strengthen the belief on the part of appellant that the dog intended to bite or in some way injure him. This character of evidence is relegated to the question of self-defense, either of person or property, as the case may be. Under our statutes of malicious mischief, under some circumstances it may be justification for shooting "breachy" or fence-breaking stock or animals; but at the time they must be depredating upon property. Because an animal is "breachy" or a "fence breaker," or depredator upon farms, would not justify a party in going out and shooting the animal wherever he may find it—more especially if the animal be in the inclosure of its owner, and not attempting to break into the inclosure or depredate upon the rights of another.

Appellant's nineteenth bill of exceptions recites that, "in his own behalf, he proposed to prove by himself the following facts, which, if permitted to do so, the witness would have testified, to wit: That he had heard other persons in that neighborhood and community, of the place of said shooting of said dog, threaten to kill said dog, and threaten to shoot the same. Defendant's object and purpose in offering this testimony was to show that some one else than himself did the shooting," and as evidence tending to prove his alibi, and that others had been endangered of attack by the dog, "and to show the dog's reputation, and that he was a public and private nuisance." It will be noticed that the bill is defective in not stating who the parties were who are supposed to have made the threats, and the record nowhere discloses the proximity of any other party to the shooting, except defendant. The court did not err in excluding this testimony. The rule in reference to this matter is now established, and since Dubose v. State, 10 Texas Crim. App., 230, has been, that investigation in reference to other parties than the accused should not be permitted in case of either positive or circumstantial evidence, unless the inculpatory facts are such as are proximately connected with the transaction. In other words, to show remote acts or threats would not be admissible, unless there were other facts also in proof proximately and pertinently connecting such third party with the act at the time of its commission. Kunde v. State, 22 Texas Crim. App., 65; McInturf v. State, 20 Texas Crim. App., 335, and authorities there cited. We are of opinion the bill is totally insufficient to suggest the admissibility of the testimony, and under the record and bill of exceptions as presented, the court did not err in excluding it.

It is contended the evidence is not sufficient. We are of opinion it is. Two witnesses identify appellant as the party who shot the dog. This was met by appellant with evidence of alibi. The jury settled these questions adversely to appellant, and we are not authorized to disturb their finding, as the record is presented, and therefore the judgment is affirmed.

*Affirmed.*